### The People, etc., v. Jack Orrand et al.

1.   APPELLATE COURT PRACTICE—*Where Appellee Fails to File Briefs.* —Where the appellee files no briefs within the ten days allowed him by the rules, and does not apply for an extension of the time in which to file them, the judgment or decree will be reversed *pro forma*, unless the

The People v. Orrand.

court on examination of the record shall deem it proper to decide the case on its merits.

**Debt**, on surety's bond. Appeal from the Circuit Court of Richland County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the August term, 1899. Reversed and remanded. Opinion filed March 16, 1900.

H. G. MORRIS, State's Attorney, for appellant.

No appearance by appellees.

OPINION PER CURIAM.

The rules of this court provide that the call of the docket of returnable cases shall commence on the third day of the term, and that twenty cases per day shall be called, when appellee's or plaintiff in error's abstracts and briefs must be on file with the clerk, unless the time for filing them shall be extended for good cause shown.

Appellee or defendant in error is required to file his brief within ten days after the case is called and taken. Rule 30 provides that if the appellant or plaintiff in error shall fail to file either his abstracts or briefs within the time prescribed, the judgment or decree of the court below will be affirmed on the call of the docket, unless the time for filing them shall be extended for cause shown.

Rule 31 is as follows:

" If the defendant in error or appellee shall fail to file his brief in compliance with these rules, the judgment or decree will be reversed *pro forma*, unless the court on examination of the record shall deem it proper to decide the case on its merits."

On the call of the case, appellant's abstracts and briefs were on file, but appellees filed no briefs within the ten days allowed them by the rule, or at any other time, nor did they apply for an extension of time in which to file them, but seem to have assumed that no briefs were necessary. Under the circumstances we do not deem it proper to decide the case on its merits, for the reason that the failure of appellees to furnish the court with briefs, is a tacit admission

that there is error in the record for which the judgment should be reversed. But if it is not such an admission, then we are entitled to the assistance of counsel in demonstrating that the reasons given by counsel for appellant, why the judgment should be reversed, are incorrect and insufficient, unless such incorrectness and insufficiency is manifest from a casual reading of the reasons, which we do not find to be the case.

Rules of court, like other laws, are made to be observed, since without them the business of the court soon becomes demoralized; and parties who deliberately omit to conform to the rules must suffer the consequences of such omissions.

For a failure by appellees to file briefs as required by rule 31 of this court, the judgment of the Circuit Court is reversed and the cause remanded.